IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02205-LTB-CBS

DAVID TRUJILLO,
    Plaintiff,
v.

KEVIN MILYARD, Warden, S.C.F., and
MARY COX, Major/Chairperson S.C.F.,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Mr. Trujillo's failure to comply with the court's orders and Title 28 U.S.C. § 1915. Pursuant to the Order of Reference dated November 20, 2007 (doc. # 7), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters. . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Background

    On October 19, 2007, Mr. Trujillo was granted leave to proceed in this case *in forma pauperis* pursuant to 28 U.S.C. §1915. (*See* doc. # 2). Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Mr. Trujillo has been directed to make such payments. (*See* "Order Granting 28 U.S.C. §

1

1915 Motion" (doc. # 2)).

On March 26, 2008, the court specifically ordered Mr. Trujillo to, on or before April 15, 2008, either make the required monthly payment for the months of February and March 2008 or show cause why he has no assets and no means by which to make the monthly payments. (*See* doc. # 22). The court warned Mr. Trujillo that it is not sufficient to meet his monthly payment obligation only when specifically directed by the court by an order to pay or show cause. (*See* doc. # 22). The court further directed Mr. Trujillo

> that by the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, Plaintiff must file a certified copy of his trust fund account statement for that month.

(*See* doc. # 22). The court again warned Mr. Trujillo that a failure to comply with its orders may result in the dismissal of this civil action. (*See* docs. # 2 and # 22).

As of this date, Mr. Trujillo has not responded to the court's March 26, 2008 Order, has not made the required payments for the months of February or March 2008, and has not provided certified copies of his inmate trust fund account statements demonstrating that he is not required pursuant to § 1915(b)(2) to make the required payments for the months of February or March 2008. Further, Mr. Trujillo has not made the required payment for the month of April 2008 or provided a certified copy of his inmate trust fund account statement demonstrating that he is not required to make the payment for the month of April 2008.

II.  Analysis

The court has advised Mr. Trujillo that he is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. (*See* docs. # 2, # 22). Since the commencement of this action on or about October 10, 2007, Mr. Trujillo has made an initial partial payment of $10. 00 on November 14, 2007, and two payments of $21.00 on January 17, 2008 and $11.25 on January 18, 2008. (*See* docs. # 4, 10, 11). Mr. Trujillo has not made monthly partial filing fee payments or submitted his inmate trust account statements in lieu of making monthly partial filing fee payments for February, March, or April 2008. Mr. Trujillo has not demonstrated why he has no assets and no means by which to make those monthly payments.

In order to recommend the sanction of dismissal with prejudice of this civil action for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that

dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds that although Defendants have not been prejudiced by Mr. Trujillo's failure to comply with the court's orders or § 1915, Mr. Trujillo's repeated failure to follow the court's orders with respect to his obligation to pay the filing fee, and the court's repeated review of his file and issuance of orders regarding the filing fee has increased the workload of the court and therefore interfered with the administration of justice.

The record does not reveal that anyone other than Mr. Trujillo is culpable for his failure to comply with the court's orders and § 1915. Mr. Trujillo has not alleged or demonstrated that he was unable to perform his obligations. There is nothing in the record to refute the court's conclusion that Mr. Trujillo has willfully failed to comply with this court's orders and § 1915. The court has repeatedly warned Mr. Trujillo of the possibility of dismissal for failure to comply with the court's orders and § 1915. Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders and § 1915.

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED with prejudice for Mr. Trujillo's failure to comply with the court's orders and Title 28 U.S.C. § 1915.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's

objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 21st day of April, 2008.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge