IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02205-LTB-CBS

DAVID TRUJILLO,
    Plaintiff,
v.

KEVIN MILYARD, Warden S.C.F., and
MAY COX, Major/Chairperson S.C.F.,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) "Defendants' Motion to Dismiss Plaintiff's Complaint" (filed February 19, 2008) (doc. # 15); and (2) Mr. Trujillo's "Petition Motion for Civil Protective Order" (filed June 25, 2008) (doc. # 38). Pursuant to the Order of Reference dated February 13, 2008 (doc. # 14) and the memoranda dated February 13, 2008 (doc. # 16) and June 26, 2008 (doc. # 39), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Trujillo's Response (doc. # 33),[1] the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

---

[1] Mr. Trujillo responded in part to the Defendants' Motion to Dismiss by stating "Plaintiff requests leave of the court to amend this portion of the Civil Rights Complaint previously submitted in order to cure this deficiency." (*See* Response (doc. # 33) at pp. 5-6). On May 15, 2008, Mr. Trujillo filed a Motion to Amend the Complaint. (*See* doc. # 32). The court denied Mr. Trujillo's Motion to Amend without prejudice for failure to submit a proposed Amended Complaint. (*See* doc. # 35). Mr. Trujillo made no further request to amend his pleadings.

1

I. Statement of the Case

Mr. Trujillo is incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC") in Sterling, Colorado. Proceeding *pro se*, Mr. Trujillo filed his Prisoner Complaint on or about October 10, 2007. (*See* doc. # 3). It is undisputed that Mr. Trujillo was the subject of an administrative segregation hearing held on November 7, 2006. Defendant Milyard is the Warden of SCF. (*See* Complaint (doc. # 3)). Defendant Cox was a hearing officer for Mr. Trujillo's November 7, 2006 administrative segregation hearing. (*See id.*). Mr. Trujillo alleges pursuant to 42 U.S.C. § 1983 that Defendants violated his Fourteenth Amendment rights to due process in his November 7, 2006 administrative segregation hearing. Mr. Trujillo alleges in four claims that Defendants "violated their own policies" (1) by "not advising the plaintiff of his rights to remain silent at the commencement of the hearing;" (2) by "not allowing the plaintiff to put forward the necessary evidence and or information;" (3) "when they used confidential information against the plaintiff after the fact; and (4) "when Defendant Cox drew adverse inference against plaintiff for exercising his fifth amendment right to remain silent during the course of the ad-seg proceeding." (*See* Complaint (doc. # 3) at pp. 4-7 of 43). As relief, Mr. Trujillo seeks compensatory, punitive, and nominal damages and injunctive relief in the form of "I want immediately to be restored back to general population and have this matter expunged from my record." (*See* Complaint (doc. # 3) at p. 9 of 43).

II. Standard of Review

Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

The court must construe Mr. Trujillo's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the

3

court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III. Analysis

A. Liability of Defendants in their Official Capacities

Mr. Trujillo does not state whether he is suing Defendants in their individual capacities, their official capacities, or both. (*See* Complaint (doc. # 3)). To the extent that Mr. Trujillo is suing Defendants in their official capacities, he is actually attempting to impose liability on their employer, the State of Colorado. *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents"); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Absent considerations not present in this case, the Eleventh Amendment forbids a suit for damages against a state in federal court. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citing

*Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  Thus, any claim for money damages brought against Defendants in their official capacities under § 1983 is barred by the Eleventh Amendment and is properly dismissed with prejudice.

B.      Liability of Defendants in their Individual Capacities

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities.  *Kentucky v. Graham*, 473 U.S. 159, 164 (1985).  Personal capacity suits seek to impose personal liability upon a government official for actions he or she takes under color of state law.  *Graham*, 473 U.S. at 165-67.  To the extent that Mr. Trujillo is suing Defendants in their individual capacities under § 1983, the court proceeds to evaluate his Fourteenth Amendment claims.

C.      Fourteenth Amendment Claims

The Fourteenth Amendment to the United States Constitution provides, in pertinent part, "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  Regarding Mr. Trujillo's claims that Defendants violated his constitutional right to due process under the Fourteenth Amendment by his classification to administrative segregation, "[c]lassification of [a] plaintiff into administrative segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause."  *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir.1987) (citation omitted).  *See also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("the Constitution itself does not give rise to a liberty interest in avoiding

5

transfer to more adverse conditions of confinement").

Due process is implicated only if Mr. Trujillo is subjected to restraint that "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) ("the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence") (internal quotation marks and citation omitted). The Tenth Circuit Court of Appeals has set forth factors relevant to whether placement in administrative segregation implicates a protected liberty interest: (1) whether "the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation;" (2) whether "the conditions of placement are extreme;" (3) whether "the placement increases the duration of confinement, as it did in *Wilkinson*;" and (4) whether "the placement is indeterminate." *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334, 1342 (10th Cir. 2007).

While Mr. Trujillo challenges the process afforded him at the administrative segregation hearing, his Complaint completely lacks allegations describing the conditions of his administrative segregation or the ordinary incidents of prison life. Mr. Trujillo has not alleged that the prison conditions he endures impose an "atypical and significant hardship." *See Sandin*, 515 U.S. at 484. Mr. Trujillo has not alleged how long he has been segregated, the effect of his segregation on the duration of his sentence, how the conditions of his confinement differ in any way from those of other

prisoners, or whether his segregation is indeterminate.[2]  The Complaint is devoid of facts regarding the nature of his current detention that would be sufficient to suggest the sort of extreme conditions where courts have found the test of *Sandin* met.  In light of *Sandin*, Mr. Trujillo's allegations are insufficient to support a challenge to his placement in administrative segregation.  Further, Mr. Trujillo's only procedural complaints are that Defendants violated prison policies in conducting the administrative hearing.  (*See* Complaint (doc. # 3) at pp. 4-7 of 43).  A prison official's "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).  *See also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim under § 1983.") (citations omitted).  In sum, Mr. Trujillo's claims for violation of his right to due process under the Fourteenth Amendment are properly dismissed for failure to state a claim upon which relief can be granted.

D.   Prisoner Litigation Reform Act

Defendants further assert that Mr. Trujillo may not recover compensatory damages because he did not suffer a physical injury as required by the Prisoner

---

[2]   CDOC Administrative Regulation ("AR") No. 600-02, attached to the Complaint, indicates that "the status of an offender who had a classification hearing which resulted in assignment to administrative segregation shall be reviewed" on a regular and frequent basis.  (*See* Complaint (doc. # 3) at p. 19 of 43).  *See Jones v. Mabry*, 723 F.2d 590, 594 (8th Cir. 1983) (due process requires procedure for periodic review of administrative segregation status).

Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(e).  The PLRA provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir 2001) (applying section 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Mr. Trujillo has not alleged he suffered any physical injury as a result of Defendants' actions in this case.  Accordingly, Mr. Trujillo would be limited to recovery of nominal damages, punitive damages, and injunctive and declaratory relief for his Fourteenth Amendment claims.  *See Royal v. Kautzky*, 375 F.3d 720, 724 (8th Cir. 2004) (holding that an inmate may recover an award of nominal damages under the PLRA despite the lack of a physical injury); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808, n. 6 (10th Cir. 1999) ("While a claim [under § 1983] for compensatory damages would clearly be barred in the absence of any showing of physical injury, it is not clear that a claim for either punitive or nominal damages [or injunctive relief] would also be barred").

E.   *Heck v. Humphrey*

Defendants argue that Mr. Trujillo's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence

8

has been invalidated") and *Edwards v. Balisok*, 520 U.S. 641, 643-47 (1997) (prisoner could not bring § 1983 claim until disciplinary decision overturned where prisoner alleged defects in hearing resulting in administrative segregation and revocation of good-time credits). The court disagrees.

*Heck* and *Balisok* limit only challenges to the fact or duration of a prisoner's sentence, not the conditions of his confinement. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006) ("the favorable termination requirement is not intended to compel a prisoner to demonstrate that a sanction he seeks to challenge . . . has been invalidated before he can proceed under § 1983 when that sanction does not affect his term of confinement"), *cert. denied*, 127 S.Ct. 3006 (2007). Mr. Trujillo has not alleged that his placement in administrative segregation affected the fact or duration of his sentence. Mr. Trujillo's challenge to the administrative decision to place him in segregation, considered a condition of confinement, could not invalidate any underlying conviction if successful, thus it is not barred. *See Muhammad v. Close*, 540 U.S. 749, 751-52 (2004).

F.    Punitive Damages

Defendants further move to dismiss Mr. Trujillo's claim for punitive damages. While punitive damages are available in § 1983 actions, they "are to be awarded only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' " *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) (quoting *Smith v. Wade*,

9

461 U.S. 30, 56 (1983)). "Punitive damages become a discretionary matter for the jury in a section 1983 action only if the plaintiff makes an adequate threshold showing." *Iacobucci v. Boulter*, 193 F.3d 14, 26-27 (1st Cir. 1999). That threshold showing "requires proof that the defendant acted 'in the face of a perceived risk that [his] actions [would] violate federal law.' " *Iacobucci*, 193 F.3d at 26 (quoting *Kolstad v. American Dental Ass.*, 527 U.S. 526, 536 (1999)).

Mr. Trujillo has not alleged any basis for an award of punitive damages. The lack of any allegation as to Defendants' evil motives or reckless indifference to Mr. Trujillo's federally protected rights results in failure to state a claim upon which relief can be granted for punitive damages.

G. Qualified Immunity

Defendants argue that they are entitled to qualified immunity from Mr. Trujillo's claims. "The doctrine of qualified immunity provides that [w]hen government officials are performing discretionary functions, they will not be held liable for their conduct unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mitchell v. Maynard*, 80 F.3d 1433, 1447 (10th Cir. 1992) (internal quotation marks and citations omitted). Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> When [a defendant] asserts a defense of qualified immunity, the plaintiff bears a heavy two-part burden. Initially, the plaintiff must show the [defendant]'s conduct violated a constitutional right: A court required to rule upon the qualified immunity issue must consider, then, this threshold

> question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant]'s conduct violated a constitutional right? If the [defendant]'s conduct did not violate a constitutional right, the inquiry ends and the [defendant] is entitled to qualified immunity.

*Wilder*, 490 F.3d at 813 (internal quotation marks and citations omitted). *See also Wilson v. Layne*, 526 U.S. 603, 609 (1999) (a court evaluating a claim of qualified immunity "must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (citation omitted); *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) ("Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law.") (citation omitted). Because the court has concluded in this Recommendation that Mr. Trujillo has failed to state a claim upon which relief can be granted, Defendants are entitled to qualified immunity. *See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

III.    Mr. Trujillo's "Petition for Civil Protective Order"

Mr. Trujillo appears to seek immediate injunctive relief in the form of an order by the court "that the defendants stop the continued retaliative actions." (*See* doc. # 38). Mr. Trujillo argues that his continued detention in administrative segregation inhibits his "access to any of his legal [material] and legal access."

Temporary injunctive relief may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." Fed. R. Civ. P. 65(b). A moving party must demonstrate certain prerequisites for temporary or preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). A moving party may have an "even heavier burden" of showing a compelling basis for injunctive relief where the requested preliminary injunction would disturb the status quo, is mandatory as opposed to prohibitory, or would provide the moving party with substantially all the relief he may recover after a full trial on the merits. *Kikumura*, 242 F.3d at 955. The relief sought by Mr. Trujillo would alter rather than preserve the status quo and would constitute a mandatory injunction. "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotation marks and citation omitted).

In light of the issues raised by Defendants' Motion to Dismiss and discussed by the court in this Recommendation, Mr. Trujillo has not demonstrated a substantial likelihood of success on the merits of the case. Mr. Trujillo has not adequately addressed or demonstrated the additional prerequisites for temporary or preliminary

injunctive relief. Because Mr. Trujillo has failed to satisfy the four prerequisites, he has not sustained his burden of demonstrating a compelling basis for injunctive relief.

Accordingly, IT IS RECOMMENDED that:

1. "Defendants' Motion to Dismiss Plaintiff's Complaint" (filed February 19, 2008) (doc. # 15) be GRANTED and this civil action be dismissed.

2. Mr. Trujillo's "Petition for Civil Protective Order" (filed June 25, 2008) (doc. # 38) be DENIED.

DATED at Denver, Colorado, this 11th day of July, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge